RICHARD B. TENNISON. *v.* HIRAM SILVERBERG.

1. REPLEVIN. *Variance. Supreme court. Reversal.*

A judgment for the plaintiff in an action of replevin will not be reversed by the supreme court, in the absence of the evidence from the record, because of a variance in the property as described in the affidavit and writ, and as described in the return of the officer, if any conceivable state of facts would justify the result reached.

2. Same. *Estoppel.*

  A defendant in a replevin may, by his conduct in pointing out the property levied üpon and bonding it without objection, estop himself from claiming, after trial, that the levy was not upon the property for which suit was brought.

3. Same. *Objection to be prompt.*   *Code* 1892, § 3723.

  An objection in an action of replevin, because of a variance between the property sued for and that levied upon, should be promptly made, so as to afford the plaintiff opportunity to amend, where the variance is merely in description, or to proceed for the value of the property, under code 1892, § 3723, providing for so doing in case the property be not taken.

From the circuit court of Lowndes county.

Hon. Eugene O. Sykes, Judge.

Silverberg, the appellee, was plaintiff, and Tennison, the appellant, was defendant in the court below. The opinion states the case.

*Cayce & Sturdevant* and *Marcellus Green,* for appellant.

The cattle seized under the writ of replevin were not the cattle described in the affidavit upon which the writ issued. This is shown by the description of the cattle seized, as appears in the return of the officer seizing, upon the writ.

An action of replevin is a suit to recover specific property. It cannot be maintained for property other than described in the affidavit. If there be an error in the description, then in the event of the property really in controversy having been seized, the pleadings could be amended to correspond with the evidence, but in this case nothing of that sort appears.

It is no answer to say that the defendant might have had plaintiff's cattle in his possession, and did not show them to the officer making the levy.

*Sykes & O'Neill,* for appellee.

The apparent variance of the property as shown by contrasting the description in the affidavit and writ with that in the officer's return is one of description merely, and was capable

of, and in fact was, explained by the evidence. The evidence not being before the court, every presumption must be indulged to the effect that, in so far as evidence could make it so, the result reached in the court below is correct.

It is shown, inferentially at least, by the record, the instructions being made a part of the record by statute, that there was a controversy as to the identity of the property as variantly described, and the jury found for the appellee, and this finding cannot be reversed by this court in the absence of the evidence.

Again, it is shown in the same way, that the jury found that appellant, by conduct of his agent, had estopped himself from claiming that the property levied upon was not the same as that for which suit was brought. This court cannot reverse the finding.

Argued orally by *Marcellus Green*, for appellant.

ALEXANDER, Special J., delivered the opinion of the court.

This is an action of replevin for certain cattle. The case originated in a justice court, and was tried without a declaration or other written pleadings, and resulted in the circuit court in a verdict and judgment for the plaintiff.

The case is before us without the evidence, the bill of exceptions having been stricken out. The appellant, however, asks for reversal because the return of the officer, which describes the cattle taken by him and surrendered to the defendant on bond, shows that the cattle were not those specifically described in the affidavit and writ. That there is such a variance is obvious, and, if we look alone to the writ and return, it is unexplained. In the absence of a bill of exceptions showing the evidence and proceedings during the trial, we cannot reverse, unless we can say that no state of facts can be conceived of which would sustain the result reached. We must assume that the instructions contained in the record were applicable to the

evidence, and, as several instructions were given for the plaintiff, touching alleged fraudulent conduct of defendant in pointing out to the officer the cattle actually seized as being those sued for, we must infer that there was evidence tending to show such fraud.

We are not prepared to say that a state of facts may not be conceived of which would estop a defendant in replevin to deny that cattle in his possession, and pointed out to the officer and identified as the cattle sued for, were not, in fact, those described in the writ, and where, as in this case, the defendant gave bond for the cattle and no objection for variance was made until after the question of title has been litigated, and the testimony on both sides closed, a verdict for plaintiff will not be disturbed.    Wells on Replevin, secs. 185, 208.

The objection for variance between the writ and the return should have been promptly made, so as to afford plaintiff opportunity to amend, if the variance were merely one of description, or to prosecute the action for the recovery of their value, under § 3723, code 1892, if there was an actual failure to take the cattle sued for, and if the facts of the case made that statute applicable.

*Affirmed.*

Calhoon, J., having been of counsel in the case, recused himself, and C. H. Alexander, Esq., a member of the bar, was appointed special judge to preside in his place.